IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **VCODE HOLDINGS, INC. and VDATA, LLC** § | |
| § | |
| **Plaintiffs** § | |
| § | |
| vs. § | **CASE NO. 2:07-CV-138** |
| § | **PATENT CASE** |
| **COGNEX CORPORATION** § | |
| § | |
| **Defendant** § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion to transfer pursuant to the first-to-file rule and 28 U.S.C. § 1404(a) (Docket No. 9). Having considered the motion, all other relevant briefing, the applicable law, and conferring with District Judge Joan Ericksen of the District of Minnesota, the Court **DENIES** Defendant's motion to transfer.

**BACKGROUND**

On March 13, 2006, Cognex Corporation ("Cognex") filed suit in the District of Minnesota ("Minnesota Action") against VCode Holdings, Inc., VData, LLC (collectively "VCode"), Veritec Inc., Acacia Research Corp., and Techsearch LLC (collectively "Minnesota Defendants") seeking a declaration that U.S. Patent Nos. 4,924,078 ("the '078 patent")[1] and 5,612,524 ("the '524 patent") were invalid and not infringed by Cognex.

On February 9, 2007, the Minnesota Defendants moved for leave to add a claim of infringement of U.S. Patent No. 5,331,176 ("the '176 patent") against Cognex in the Minnesota Action. On April 9, 2007, Magistrate Judge Jeanne J. Graham denied the motion finding that the

---

[1] The '078 patent was dismissed—due to lack of case or controversy—from the Minnesota Action.

Minnesota Defendants should have brought their motion at an earlier time and allowing the amendment would unfairly prejudice Cognex.  Minnesota Action, No. 0:06cv01040, Docket No. 121.  On April 16, 2007, VCode filed suit in this Court alleging Cognex infringes the '176 patent.

Cognex now moves this Court to transfer this action under the first-to-file rule and for convenience to the District of Minnesota.

## APPLICABLE LAW

*The First-to-File Rule*

When overlapping suits are filed in multiple federal courts, each court must decide whether to keep the case, or whether interests of judicial economy favor transferring the case to a sister court so all issues can be resolved in the same forum.  *See Tex. Instruments, Inc. v. Micron Semiconductor,* 815 F. Supp. 994, 997–98 (E.D. Tex. 1993).  "The general rule favors the forum of the first-filed action" as the forum for resolving all the issues in dispute.  *Genetech v. Eli Lilly & Co.,* 998 F.2d 931, 937 (Fed. Cir. 1993).  Exceptions to this rule though "are not rare, and are made when justice or expediency requires."  *Id.*

The first-to-file rule applies when the two actions involve closely related questions or subject matter or the core issues substantially overlap, but the core issues do not need to be identical.  *Tex. Instruments Inc.*, 815 F. Supp. at 997.  A subsequent action that does not have complete identity of the parties can still substantially overlap on the substantive issues of the first-filed action, warranting dismissal or transfer.  *Superior Sav. Ass'n v. Bank of Dallas*, 705 F. Supp. 326, 328–29 (N.D. Tex. 1989); *see Save Power Ltd. v. Sintek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

Once it has been proven that the two actions might substantially overlap, the court with the second-filed action transfers the case to the court where the first-filed action is pending.  The court of the first-filed action then decides if the cases actually do substantially overlap and require

consolidation. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599 (5th Cir. 1999). The underlying policies supporting the first-to-file rule are comity and the orderly administration of justice. *Superior Sav. Ass'n*, 705 F. Supp. at 331.

*28 U.S.C. § 1404(a)*

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, under § 1404(a), a court examines "the convenience of the parties and witnesses." *Id*. The convenience determination involves examining several private and public interest factors, none of which are given dispositive weight. *Id*.

The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of the compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Id*. The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application. *Id*.

A court should also consider the plaintiff's forum choice, but the plaintiff's forum choice by itself is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). *But see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 828 (5th Cir. 1986) ("Once the Court has

determined that an adequate, available forum exists, the next step is to proceed to a balancing of the public and private interest factors, bearing always in mind that 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'") (quoting *Gulf Oil*, 330 U.S. at 508). A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to only the plaintiff's claims. *In re Volkswagen AG*, 371 F.3d at 204. The movant bears the burden of proof in demonstrating that transfer is warranted. *Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 567, 570 (Folsom, J.) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)).

## ANALYSIS

*First-to-File*

The '176 patent, asserted here, is directed toward a "Hand Held Two Dimensional Symbol Reader with a Symbol Illumination Window" and relates to a handheld device for reading data matrix symbols. The '524 patent, at issue in the Minnesota Action, is directed toward an "Identification Symbol System and Method with Orientation Mechanism" and relates to data matrix symbols and a system for reading such symbols. The '176 and '524 patents have completely different claims and specifications. The '176 patent is not a derivative or continuation of the '524 patent. Although the patents may involve the same general field of technology, Magistrate Judge Graham has already ruled that it is too late to add the '176 patent to the Minnesota Action. After conferring with Judge Ericksen, who is presiding over the Minnesota Action, judicial efficiency would not be accomplished by transferring this case to the District of Minnesota. Accordingly, transfer is not warranted under the first-to-file rule.

*28 U.S.C. § 1404(a)*

In ruling on a motion to transfer under § 1404(a), the first consideration is whether the claim

could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d at 203. The parties do not dispute that this suit could have been brought in the District of Minnesota.

<u>*Private Interest Factors*</u>

*The relative ease of access to sources of proof*

Although the documents relevant to this case are dispersed among several geographic locations—including Massachusetts, Minnesota, California, and Texas—the location of documents is of little consequence since they will almost certainly be produced electronically. *See Symbol Techs., Inc. v. Metrologic Instruments, Inc.*, 450 F. Supp. 2d 676, 678 (E.D. Tex. 2006) (Davis, J.); *Network-1 Sec. Solutions, Inc. v. D-Link Corp.*, 433 F. Supp. 2d 795, 799 (E.D. Tex. 2006) (Davis, J.). Documents can be transported, either physically or electronically, to Texas just as easily as they can be transported to Minnesota. This factor does not favor transfer.

*The availability of the compulsory process to secure witnesses' attendance*

Some of the most important witnesses will likely be those with personal knowledge of the relevant prior art. *Network-1*, 433 F. Supp. 2d at 803. Typically, witnesses in patent cases come from all over the country or world, and many of those witnesses are frequently unknown at this stage of the case. *Id.* The named inventors of the '176 patent are believed to be residents of California. The patent attorney who prosecuted the '176 patent is a resident of Washington, D.C. Thus, regardless of where the trial is held, many witnesses, including third-party witnesses, will likely need to travel a significant distance. If this Court cannot compel a witness's attendance at trial, neither party is prevented from using the witness's videotaped deposition at trial. *See Symbol*, 450 F. Supp. 2d at 679. Rarely will one location be convenient for everyone. Accordingly, this factor is neutral.

5

*The willing witnesses' cost of attendance*

Cognex argues it is not aware of any party or non-party witness who resides in the Eastern District of Texas but concedes that "[w]ith respect to the non-party witnesses . . . the District of Minnesota is no less convenient than the Eastern District of Texas." Cognex Brief, p.9. Cognex's remaining argument is that transfer would be more convenient for VCode. However, since VCode chose to file suit here, the Court assumes this forum is convenient for VCode. *See ConnecTel, LLC v. Cisco Sys., Inc.*, 2005 WL 366966 at *2 (E.D. Tex. Feb. 16, 2005) (Davis, J.) (quoting *Cummins-Allison Corp., v. Glory Ltd.*, 2004 WL 1635534 at *5 (E.D. Tex. May, 26, 2004) (Ward, J.)). Therefore, this factor weighs against transfer.

*All other practical problems that make the case's trial ease, expeditious, and inexpensive*

Cognex contends that the time to trial is comparable between the District of Minnesota and this District. VCode cites statistics showing that cases are tried nine months sooner in this District than in the District of Minnesota. VCode's statistics, however, are not specific to patent cases. This case is already set for a *Markman* hearing on October 2, 2008 and trial on November 9, 2009. After speaking with Judge Ericksen, this case will likely not be consolidated with the Minnesota Action and may not be assigned to her docket; thus, the dispute will start anew should the case be transferred.

Cognex argues the District of Minnesota has made a substantial investment of judicial resources with respect to the technology and parties. However, if transferred, this case may not be assigned to Judge Ericksen, rendering her familiarity a nullity, and the Court has already determined that transfer would not serve judicial efficiency. Therefore, Cognex has failed to show that there will be any undue delay or prejudice in having this case heard in this District as opposed to the District of Minnesota. This factor is neutral.

*Public Interest Factors*

   *Administrative difficulties flowing from court congestion*

Neither party has shown that either Court is so congested as to affect this analysis. This factor is neutral.

   *Local interest in having local issues decided at home*

Allegedly infringing products are sold to residents of the Eastern District of Texas, just as they are sold to Minnesota residents, and potential acts of infringement affect the residents of both states. Those residents have an interest in upholding the patent laws and accordingly have an interest in this litigation. *Network-1*, 433 F. Supp. 2d at 801. Thus, this factor is neutral.

   *Forum's familiarity with the governing law*

The District of Minnesota and this District have adopted special rules and procedures to efficiently manage patent cases, allowing both Districts to move cases in a relatively prompt and efficient resolution. Therefore, this factor is neutral.

   *Avoidance of unnecessary conflict of law problems involving foreign law's application*

Since this case will involve the application of federal law, this factor is inapplicable.

## CONCLUSION

After considering the '176 and '524 patents' technologies and the Minnesota Action's advanced litigation stage, transfer based on the first-to-file rule would not promote comity and orderly administration of justice. After balancing the public and private factors, Cognex has not met its burden demonstrating that transfer is warranted under § 1404(a). Accordingly, the motion to transfer is **DENIED**.

**So ORDERED and SIGNED this 3rd day of August, 2007.**



  **LEONARD DAVIS**
  **UNITED STATES DISTRICT JUDGE**